### RIGHT OF ABUTTING OWNER TO BUILD SIDEWALK.

Circuit Court of Cuyahoga County.

T. H. JOHNSON V. CITY OF GLENVILLE.

Decided, December 24, 1907.

*Assessments—Municipal Corporations—Property Owner Not Estopped from Resisting Assessments by Signing Petition for Improvements —Property Owner Must be Given Opportunity to Build Sidewalk.*

1. A property owner is not estopped from enjoining the collection of an assessment illegally levied against his property, because he had signed a petition asking for the improvement to pay for which the assessment is levied.

2. A property owner must be given an opportunity to elect whether or not he will build a sidewalk in front of his premises, and may enjoin the collection of an assessment to pay for one built by the city when not given such opportunity.

*Thomas H. Johnson and Ford, Snyder & Tilden,* for plaintiff in error.

*N. D. Baker,* City Solicitor, and *W. D. Wilkin,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The injunction prayed for is allowed. The plaintiff was given no opportunity, before the construction of the sidewalk in front of his premises, to elect whether he or the city should perform the work. Section 2330a, Revised Statutes, the only statute purporting to authorize a different procedure, was not only unconstitutional, but was not attempted to be complied with.

Nor can we uphold the remainder of the assessment for this street improvement. The publication of the notice of the filing

of an estimated assessment appears to have been made but twice, instead of three times, as required by law.

. It is urged, however, that the plaintiff is estopped to complain, after the work is completed, of the assessment to pay for the same, in view of the fact that he petitioned for the improvement and was actually served with notice of the declaratory resolution concerning the necessity thereof. It does not appear that he had actual knowledge of the further proceedings until after the work was done.

In *McGlynn et al* v. *The City of Toledo*, 22 C. C., 34, affirmed without report, 67 O. S., 498, it was said by Parker, J., at p. 39 "that what the parties asked for at the hands of the council was that they should proceed under valid laws, and proceed according to law, to make this improvement and the assessment."

The plaintiff is thus not estopped to maintain this action, and, unless the parties can agree upon a journal entry excluding from the operation of our injunction such part of the assessment as represents actual benefit to the plaintiff from the entire improvement, except the sidewalk, the defendant must be remitted to such remedy, if any, as it has under Section 1536-268, Revised Statutes.